## CHARLEY STEWART v. STATE.

No. A-6803. Opinion Filed October 5, 1929.

(281 Pac. 318.)

J. O. Whiteside, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county on a charge of maintaining a public nuisance, and his punishment fixed by the jury at a fine of $500 and confinement in the county jail for a period of six months.

It appears from the record in the case that a search warrant was issued on the 6th day of November, 1926, and that the affidavit upon which the search warrant was procured was made on the 7th day of November, 1926. Since the affidavit was not made until the day after the search warrant was issued, the search warrant was void, and any evidence obtained under such search warrant was inadmissible. The evidence of the state was that no liquor was found on the premises of the defendant when the search was made. The officers say that they saw the defendant out in the field, some distance from the house, and went out to meet him; that the defendant did not see the officers until they were close to him, and when they accosted him he broke a quart bottle of whisky, which he was carrying in his hand, upon a rock. The officers obtained a fragment of the bottle (the neck) and enough of the whisky to be able to tell that it was whisky. They thereupon arrested the defendant and took him with them a short distance to another farm, and just across the fence they found a five-gallon jug and a five-gallon bottle of whisky. The officers testified that the ground was soft, and they followed the fresh tracks of the defendant from the place where he broke the bottle of whisky back to the jugs across the fence on the other farm, and that the tracks leading to the jugs were the tracks of the

defendant, and that there they found a funnel capable of being used to pour the whisky from the jug into bottles, and also found a funnel on the person of the defendant when they searched him.

The officers testified that the place of the defendant was a place of public resort; that people congregated there for the purpose of drinking, and also that they had seized a still there prior to this raid; and that a Mrs. McAfee bought whisky on this place previous to this raid. Some neighbors testified that the place was a place of public resort, and that people congregated there, and came away from the premises drunk. The owner of the farm upon which defendant lived testified that, since the defendant had been in possession of the farm, people congregated there to drink, and that the place had the reputation of being a place where liquor was sold, and where people congregated for the purpose of drinking liquor. The liquor seized not being found on the premises of defendant, he cannot complain that the search was unreasonable, because the search warrant was void. The question of the ownership and possession of the liquor seized was one of fact, to be determined by the jury from all the evidence introduced in the case, and was a circumstance to be considered by the jury in determining the question of whether the defendant was maintaining a public nuisance, where people congregated, and where intoxicating liquor was sold.

The motion to exclude this evidence was properly overruled. There being sufficient evidence in the record to support the verdict of the jury, and the errors of law complained of not being fundamental, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.